**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**HERMAN BROWN**                                                                                         **PLAINTIFF**

**v.**                                          **No. 4:05CV188-D-A**

**SUPERINTENDENT LAWRENCE KELLY, ET AL.**            **DEFENDANTS**

### REPORT AND RECOMMENDATION

On October 20, 2005, plaintiff Herman Brown, an inmate in the custody of the Mississippi State Penitentiary with inmate number R3791, appeared before the undersigned for a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. § 1983. A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

This case presents the court with a claim that the defendants failed to protect him from the attack of other inmates in violation of the Eighth Amendment prohibition against cruel and unusual punishment. The plaintiff alleges that he was stabbed March 28, 2005, while on yard call in Unit 32-A at the Mississippi State Penitentiary. The inmates who stabbed him, John Frierson (#77329) and Michael McGowan (#R0069), did so by smuggling shanks from their cells to the exercise yard. At least one of them also smuggled keys to his restraints onto the exercise yard, as well. The plaintiff's attackers managed to do so despite the fact that guards must strip-search each inmate in Unit 32-A before that inmate goes to yard call.

---

[1] 28 U.S.C. § 1915(g).

## *Respondeat Superior*

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that defendants Lawrence Kelly, Christopher Epps, Emmitt Sparkman, Earnest Lee, Dylester Foster, Stanley Flagg, or Beverly Williams had any personal involvement or were causally connected to the alleged incident in any way. As such, the undersigned respectfully recommends that this action be dismissed as to these defendants for failure to state a constitutional question.

The plaintiff's claims against defendants Corrections Officer Stokes, Corrections Officer Mitchell, Captain Maxwell, and Deputy Warden Johnny Rogers for failure to protect shall, however, proceed.

## Handling of Objections, Acknowledgment of Receipt

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en*

*banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 26th day of October, 2005.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE